UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| UVONNE ALLEN | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:_____ |
| | ) | |
| | ) | |
| LINDNER & ASSOCIATES, PC | ) | |
|     Defendant, | ) | |
| | ) | |
| RAZOR CAPITAL II, LLC | ) | |
|     Defendant, | ) | |
| | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

*I.  INTRODUCTION*

1.  This is an action for damages brought by an individual consumer for Defendants' violations

of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA");

Massachusetts Consumer Protection Statute, M.G.L. c. 93A and the regulations promulgated

thereunder.

*II.  JURISDICTION AND VENUE*

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and

supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this

District is proper in that the Defendant transacts business here and the conduct complained

of occurred here in the District of Massachusetts where the Plaintiff resides.

*III.  PARTIES*

3.  Plaintiff, Uvonne Allen, is a natural person at all times relevant residing in the county of

Barnstable, Town of Sandwich, Massachusetts.

4. Defendant, Lindner & Associates, PC ("Lindner") is a domestic professional corporation with a principle place of business at 400 Hunnewell Street, Needham, MA 02494.

5. Defendant, Razor Capital II, LLC ("Razor") is a foreign corporation with a principle place of business at 8000 Norman Center Drive, Suite 115, Bloomington, MN 55437 and a registered agent at CT Corporation System, 155 Federal Street, Ste. 700, Boston, MA 02110.

6. The principal purpose of the defendants' business is the collection of debts using the mails and telephone, and Defendants regularly attempt to collect debts alleged to be due another.

7. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  FACTUAL ALLEGATIONS

8. Linder is an agent for Razor in the attempted collection of a consumer debt alleged to have been owed to Wells Fargo under an account number ending in 2575 ("the debt").

9. Both Linder and Razor have been attempting to collect this debt from the plaintiff.

10. On or about June 17, 2011, Lindner sent a letter to the plaintiff dated 06/17/2011 in an attempt to collect the debt. See attached exhibit A.

11. On or about June 27, 2011, Lindner received a letter from the plaintiff. See attached exhibit B.

12. Said June 27, 2011 correspondence from the plaintiff to Lindner included the following language:

    a. "...I requested validation/verification of the account balance due and never received a response. I wrote them a second time, again with no response.  I am a little confused now as to whom is handling the account, who Razor Capital is, (I never received anything at all from them), and so **I am writing to request this information from you**...I will make no payments until I receive written confirmation." (emphasis supplied).

13. As of the date of this filing, no validation or debt verification had been sent to the plaintiff on the alleged debt.

14. On or about February 07, 2012, the defendants sent to the plaintiff a collection letter attempting to collect the alleged debt. See attached exhibit C.

15. Said February 07, 2012 correspondence form the defendants to the plaintiff included the following language:

    a. "Unless you, within 30 days after receipt of this notice, notify us that you dispute the validity of the debt, or any portion thereto, the debt will be assumed to be valid. If you notify us within the 30 day period that the debt or any portion thereof is disputed we will obtain verification of the debt or a copy of a judgment and we will mail to you a copy of such verification or judgment."

16. On or about March 06, 2012, Plaintiff, through counsel, formally disputed the validity of this debt in writing.

17. On or about March 16, 2012, Plaintiff, through counsel, sent Lindner a M.G.L. c. 93A Demand Letter.

18. On or about March 16, 2012 the undersigned plaintiff's counsel conferred via telephone with Atty. Linder who denied liability, and confirmed receipt of the June 27, 2011 correspondence (exhibit B).

19. In response to Atty. Linder's denial of liability, Plaintiff provided certified mailing receipts and re-asserted a revised MGL c. 93A demand letter dated April 5, 2012 granting the courtesy of another 30 day period to resolve these claims.

20. Lindner did not send a copy of the June 27, 2011 letter (exhibit B) prior to April 5, 2012.

21. No tender offer of settlement was ever set forth by Lindner prior to the filing of this suit.

22. No validation or verification of the debt has been provided as of the filing of this suit.

## V.    CLAIMS FOR RELIEF

## <u>COUNT  ONE</u>

**Linder & Associates, PC, Violated the Federal Fair Debt Collections Practices Act,  15 U.S.C. §
1692a - § 1692n**

23. Plaintiff repeats, realleges, and incorporates by reference all prior paragraphs as if fully set-

forth herein.

24. Defendant violated the FDCPA.  Defendant's violations include the following:

   a.  The Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to provide the Plaintiff

      with the required statutory validation notices which properly convey that a dispute of

      the debt, or any portion thereof, must be made <u>in writing</u>. [See Exhibits A & C]

   b.  The Defendant violated 15 U.S.C. § 1692g(b) by failing to acknowledge the

      Plaintiff's request for validation or verification and respond in accordance with the

      statute or cease collection activity. [Compare Exhibits B & C]

   c.  The Defendant violated 15 U.S.C. § 1692e by creating the false impression that an

      attorney was handling this case.

      A.  Linder's June 17, 2011 Letter states in pertinent part: "Please contact our

         law firm...made payable to Mark Lindner attorney for Razor Capital

         LLC...I suggest that you contact my office...Very truly yours [signed] Mark

         Lindner". [See Exhibit A]

      B.  Atty. Mark Lindner did not personally review the details of the file.

      C.  Atty. Mark Lindner did not then have any independent verification of the

         validity of the alleged debt.

      D.  Atty. Mark Lindner did not personally write, read, and sign the June 17,

         2011 letter as indicated on its face.

25. Defendant' acts as described above were done intentionally, knowingly, or willfully, and

with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the above violations of the Act, the Defendant is liable to the Plaintiff for

injunctive and declaratory relief and for actual damages, statutory damages, and attorney's

fees and costs.

## COUNT  TWO

### Lindner & Associates PC, Consumer Protection Violations
### M.G.L. c. 93A

27. Plaintiff repeats, realleges, and incorporates by reference all prior paragraphs as if fully set-

forth herein.

28. The Defendant violated M.G.L. c. 93A including the following ways:

    a.  **Violating the FDCPA, is a violation of 93A:**

        A.  As described above, Defendant violated various provisions of the FDCPA.

        B.  The Fair Debt Collection Practices Act (FDCPA) is found at Title 15 of the

            U.S. Code, in Chapter 41, of the Federal Consumer Credit Protection Act,

            Subchapter V, Debt Collections Practices.

        C.  "Without limiting the scope of any other rule, regulation or statute, an act

            or practice is a violation of M.G.L. c.93A, s. 2 if . . . (4) It violates the

            Federal Trade Commission Act, the Federal Consumer Credit Protection

            Act or other Federal consumer protection statutes within the purview

            of M.G.L. c. 93A, s. 2." 940 C.M.R. §3.16.

        D.  Therefore, Defendants violated Chapter 93A by virtue of violating the

            FDCPA.

    b.  **Violating 940 CMR §7.00 *et seq*, is a violation of 93A:**

A.  As described herein, Defendants violated several regulations governing

debt collection.

B.  Defendants violated 940 CMR § 7.07(8) by employing deceptive, or

misleading representation, communication, or means in connection with the

collection of the debt as described above. E.g.

 1.  Confusion regarding attorney involvement;
                                                [Exhibits A & C]

 2.  Failure to adequately convey the writing requirement;
                                                [Exhibits A & C]

 3.  Continued collection efforts absent validation.
                                           [Compare Exhibits B & C]

C.  Defendants violated 940 CMR § 7.07(22) by failing to disclose the

telephone number and office hours of the creditor or his agents on all

written communications to the debtor. [See Exhibits A & C]

D.  Defendants violated 940 CMR § 7.08(1) by failing to provide "[a]

statement that if the debtor notifies the creditor **in writing** within 30 days

after receipt of this notice that the debt, or any portion thereof is disputed,

the creditor will obtain verification of the debt and provide the debtor, or an

attorney for the debtor, additional materials described in 940 CMR

7.08(2)." (emphasis added). 940 CMR § 7.08(1)(d). [See Exhibits A & C].

E.  Defendants violated 940 CMR § 7.08(2) by failing to cease collection after

written notice of dispute as described above.

F.  "The purpose of 940 CMR 7.00 is to establish standards, by defining unfair

or deceptive acts or practices, for the collection of debts from persons

within the Commonwealth of Massachusetts." 940 CMR § 7.01.

G.  Such violations are deemed violations of MGL c. 93A.

29. Defendant was engaged in the conduct of trade or commerce within the Commonwealth of Massachusetts.

30. Defendant received a detailed demand letter more than thirty days prior to the filing of this action.

31. Defendant refused to grant relief or negotiate in good faith with knowledge or reason to know of their violations.

## COUNT  THREE

### Lindner & Associates PC Violated Plaintiff's Common Law Rights

32. Plaintiff repeats, realleges, and incorporates by reference all prior paragraphs as if fully set-forth herein.

33. By continuing with collection without providing verification or validation and by refusing to grant relief in good faith in response to plaintiff's 93A demand, Defendant committed various common law torts, including:

    a.  Intentional Infliction of Emotional Distress

    b.  Negligent Infliction of Emotional Distress

34. As a result of these actions, plaintiff suffered harm.

## COUNT  FOUR

### Agency Liability of Razor

35. Plaintiff repeats, realleges, and incorporates by reference all prior paragraphs as if fully set-forth herein.

36. In regards to the collection of the account at issue in this case, Lindner operates at the direction of Razor.

37. Lindner endeavored to collect on the Wells Fargo account at issue in this case subject to the assent of Razor, for the benefit of Razor and under their control.

38. Therefore, Razor is liable for the tortious or wrongful acts of Lindner conducted in furtherance of the interests of Razor. See <u>West v. Costen</u>, 558 F. Supp. 564, 573-574 (DC WD Virginia 1983).


**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

      i.   Declaratory judgment that Defendants willfully violated the FDCPA, and M.G.L. c. 93A;

     ii.   Declaratory and injunctive relief for the Defendants' violations of Federal, State, and common law rights;

   iii.   Actual damages, compensatory damages, and punitive damages for violations of statutory and common law rights;

   iv.   Statutory damages pursuant to 15 U.S.C. § 1692k and M.G.L. c. 93A.

    v.   Double or Triple damages pursuant to M.G.L. c. 93A.

   vi.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and M.G.L. c. 93A.

  vii.   Pre- and Post-Judgment Interest as allowed by law, rule, or statute.

 viii.   For such other and further relief as may be just and proper.


## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted,
Attorney for Plaintiff,

Dated: 5/19/2012

/s/ John F. Skinner, III /s/
John F. Skinner, III
Skinner Law PLLC
530 Chestnut Street, 3rd Floor
Manchester, NH 03101
Tel: 603-391-5668
Fax:888-912-1497
AttorneySkinner@gmail.com
BBO# 676768