UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| UVONNE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 12-10903-LTS |
| | ) | |
| LINDNER & ASSOCIATES, PC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER ON PLAINTIFF'S FEE PETITION

May 8, 2013

SOROKIN, C.M.J.

Plaintiff Uvonne Allen sued the defendants for violations of the Federal Fair Debt

Collection Practices Act ("FDCPA") and chapter 93A of the Massachusetts General Laws.  Doc.

No. 1 at ¶ 1.  After a period of discovery during which neither party engaged in any motion

practice, Allen accepted the defendants' offer of judgment in the amount of $1,200.  Doc. No. 16.

Thereafter, Allen filed a petition seeking attorney's fees in the amount of $7,727.50, and $490 in

costs.  Doc. No. 18.  The defendants objected to the petition, challenging the reasonableness of

both the rate claimed and the number of hours billed.  Doc. No. 20.  Allen now has responded to

the objections, Doc. No. 26, and both parties have made supplemental submissions regarding the

rate claimed, Doc. Nos. 28, 29.  For the reasons that follow, the fee petition is, for the most part,

ALLOWED.

A prevailing party under the FDCPA and chapter 93A is entitled to costs and reasonable

counsel fees.  15 U.S.C. § 1692k(a)(3); Mass. Gen. Laws ch. 93A, § 9(4); cf. de Jesus v. Banco

Popular de P.R., 918 F.2d 232, 233 (1st Cir. 1990) (considering provision of the Truth in

Lending Act containing language identical to § 1692k(a)(3)).  The determination of what

constitutes a "reasonable" fee is left to the court's discretion.  de Jesus, 918 F.2d at 233-34; see

Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  In exercising that discretion, courts may

exclude "hours that were not 'reasonably expended.'"  Hensley, 461 U.S. at 434.

Allen has submitted billing records itemizing a total of 38 hours of billable time spent by

her counsel working on this case.  Doc. No. 18-2.  She seeks compensation at a rate of $275 per

hour for 28.1 of those hours (waiving her claim to the remaining 9.9 hours in an exercise of

"billing discretion").  Id.  The defendants have raised the following objections to Allen's petition:

(1) the reasonableness of the rate sought is unsupported; (2) a total of 2.1 hours were billed for

administrative, non-legal work (e.g., printing, scanning, and faxing); (3) certain other billing

entries are excessive given the nature of the work performed; and (4) the fee award should be

reduced based on the "nominal" nature of the damages Allen received.  Doc. No. 20 at 1-3.  Each

of these objections will be considered in turn.

First, the $275 hourly rate sought by Allen's counsel is supported by the plaintiff's

submissions.  See Doc. No. 28.  Allen's counsel is a solo practitioner with more than three years

of experience handling consumer protection matters such as this one.  Doc. No. 28-1.  He

typically bills at the hourly rate sought here, although he has received higher rates in more

complicated matters.  Id.  Although his rate is 10% higher than an attorney with similar

experience in a similar practice area, Doc. No. 28-2,[1] it is equivalent to the rate another session of

---

[1]The defendants challenge Allen's submission of this affidavit, claiming the attorney
offering it practices in a different area of law and did not specify his own experience level.  Doc.
No. 29.  The "Services" page of that attorney's website, however, lists "protection from

this court assigned to first-year associates and career paralegals at a large firm nearly four years ago, Doc. No. 28-3.  Under these circumstances, the Court finds $275 is a reasonable hourly rate.

Second, the defendants correctly identify four billing entries for what amount to two hours of administrative or clerical work, not attorney tasks.[2]  See Doc. No. 20 at 1 (listing entries dated March 16, May 19, July 12, and July 26, 2012, for tasks such as scanning, printing, faxing, compiling, and mailing documents).  Such tasks are not properly billed at an attorney's rate.  See Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992).  The Court notes that Allen has, in other instances, combined similar administrative work together with other attorney tasks in single billing entries, without further objection by the defendants.  See, e.g., Doc. No. 18-2 at 1 (March 6, 2012 entry showing 0.6 hours spent drafting, mailing, and faxing a letter to the defendants); id. (March 21, 2012 entry showing 0.1 hours for making and sending a .pdf of an affidavit).  Rather than scouring the billing records to isolate such additional entries, then adopting a reduced rate for such entries reflective of their clerical nature, the Court will disallow the two hours to which the defendants have objected, but allow all other combined entries at the reasonable hourly attorney rate.

Third, the defendants object to the number of hours billed in connection with performing six discrete tasks, claiming the total time spent on the tasks was excessive.  In some instances,

---

harassing, abusive and unfair conduct by debt collectors" – the area of law at issue here – among the types of consumer protection matters that the attorney handles.  In addition, the "About the Firm" page notes the attorney is a 2010 graduate of Northeastern Law School, demonstrating he has, at most, slightly less than the "over three years" of experience of Allen's counsel.

[2]Although the defendants also identify a fifth entry, for faxing on April 5, 2012, Allen's counsel's billing records reflect that he exercised billing discretion and did not include that entry (for 0.1 hours) in the total sought by the fee petition.  See Doc. No. 18-2 at 2.

the Court agrees.  The following modifications are appropriate:

- A March 6, 2012 entry shows 0.6 hours were spent "Draft[ing]/Mail[ing]/ Fax[ing] C&D Dispute to Lindner."  Doc. No. 18-2 at 1.  The letter to which this entry refers was a one-page notice, the body of which was a four-line, boilerplate paragraph.  See Doc. No. 20 at 28 (Ex. D to the defendants' objections).  A reasonably competent attorney should require no more than 0.2 hours to complete this task.  As such, 0.4 hours will be subtracted from this entry.

- On March 12 and 15, 2012, a total of 8.6 hours were billed for the process of researching, investigating, drafting, editing, reviewing, and revising a "demand letter."  Doc. No. 18-2 at 1.  The letter to which these entries refer was a five-page letter, containing substantial factual background and legal analysis, along with several exhibits.  See Doc. No. 20 at 12-19 (Ex. A to the defendants' objections).  Although the defendants attack the merits of several legal positions taken in the demand letter, they offered Allen a judgment and chose not to pursue such legal defenses in this litigation.  As such, the Court will not reduce Allen's counsel fees on this basis.  Because the 8.6 hours spent investigating and preparing the demand letter are reasonable, the defendants' objection to these entries is overruled.

- Between March 21 and April 5, 2012, a total of 2.0 hours were billed related to drafting and sending a revised demand letter and affidavit.  Doc. No. 18-2 at 1-2.  Allen, however, has not sought fees for 1.6 of those hours.  See id. at 2 (waiving first entry dated April 5, 2012).  Any objection to the remaining 0.4 hours, which are reasonable, is overruled.

4

- Between April 30 and May 12, 2012, a total of 9.3 hours were billed to draft, edit, finalize, and file the civil complaint in this action.  Doc. No. 18-2 at 2.  The complaint itself was barely nine pages long, contained only thirty-eight paragraphs, and largely built on facts and law developed previously in the demand letters sent to the defendants.  See Doc. No. 1.  As stated previously, the Court will not reduce Allen's counsel fee based on arguments related to the merits of Allen's claims.  However, because a reasonably competent attorney should have required no more than 5.0 hours to generate a complaint such as the one filed here, the Court will subtract 4.3 hours from the complaint-related entries.

- A September 11, 2012 billing entry shows 0.7 hours were spent drafting and filing a motion to continue a scheduling conference.  Doc. No. 18-2 at 3.  The motion at issue, to which the defendants assented, was only two pages long.  A reasonably competent attorney should have required no more than 0.4 hours to draft and file such a routine pleading.  As such, 0.3 hours will be subtracted from this entry.

Fourth, the defendants seek a fee reduction based on their characterization of this action as "a nominal damages case."  Doc. No. 20 at 3.  This argument has little force.  The principle upon which the defendants rely arises from Farrar v. Hobby, 506 U.S. 103, 105-08 (1992), in which nominal damages of $1 were awarded to a civil-rights plaintiff who had sought $17 million in damages.  Here, Allen accepted $1,200 (exclusive of attorneys' fees), Doc. No. 16, after having demanded only as much as $4,500 (inclusive of about $2,500 in attorneys' fees), Doc. No. 20 at 21.  Under these circumstances, the damages are not fairly viewed as "nominal," and no reduction in fees based on Farrar is appropriate.

5

Finally, in her reply brief, Allen summarily seeks additional fees for eight hours of time spent on the fee petition and its defense. Doc. No. 26 at 7. She has submitted no billing records in support of her request. Moreover, she failed to support the hourly rate sought with the appropriate documentation in either her original petition or her reply, only providing such information in response to the Court's specific instruction. See Doc. Nos. 27, 28. For these reasons, the Court will not award fees for work performed with respect to the fee petition or related submissions.

Accordingly, within fourteen days of this Order, the defendants shall pay Allen's attorney's fees and costs as follows:

- $5,802.50 in fees (21.1 hours at a rate of $275/hour);[3] and

- $490 in costs.[4]

SO ORDERED.

_/s/ Leo T. Sorokin_____
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

[3]Allen's petition sought fees for 28.1 hours. The Court's reductions total 7 hours.

[4]The defendants have not objected to Allen's claimed costs.

6